UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HEALTHNOW NEW YORK INC.,

        Plaintiff,

     v.

DINO ROMANO, individually and doing
business as HEALTH NOW NETWORKS,
LLC and HEALTH NOW WELLNESS
MANAGEMENT, INC.,

        Defendants.
_____

17-cv-310
DECISION AND ORDER

On April 10, 2017, the plaintiff, Health Now New York Inc. ("HealthNow"), filed a complaint alleging trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125; trademark infringement under New York common law; unfair competition under New York common law; and trademark dilution under New York General Business Law § 360-l. Docket Item 1. The defendants failed to appear and defend this action, and the time to do so expired. As a result, the plaintiff asked the Clerk of Court to enter a default, Docket Item 13, which the Clerk entered accordingly on July 20, 2017, Docket Item 14. Now before this Court is the plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. After reviewing the plaintiff's supporting papers and the applicable law, this Court GRANTS the plaintiff's motion.

# BACKGROUND

The complaint tells the following story.[1]  HealthNow is a New York not-for-profit corporation that provides health insurance benefits and related services in Buffalo, New York.  Docket Item 1 at 3.  HealthNow changed its name from New York Care Plus Insurance Co., Inc., to HealthNow, and launched the HEALTHNOW mark, in about 1999.  *Id.*  In 2001, HealthNow registered U.S. Trademark Registration No. 2,457,947 for HEALTH NOW in International Classes 36 and 42 (the "'947 Registration"), and it remains the owner of the '947 Registration.[2]  *Id.* at 4.  HealthNow also owns two other relevant marks—U.S. Trademark Registration No. 4,531,758 for "HEALTHNOW & design in International Classes 35, 36, and 42" (the "'758 Registration") and U.S. Trademark Registration No. 4,531,759 for "HEALTHNOW & design in International Classes 35, 36, and 42" (the "'759 Registration")—both registered on May 20, 2014.  *Id.* And HealthNow owns and operates a website under the domain name https://www.healthnowny.com.  *Id.* at 5. It displays the '947 Registration, the '758 Registration, and the "759 Registration (collectively, the "HealthNow Marks") at locations, in pamphlets, on its website, and in other advertising promoting its services, and the HealthNow Marks have become widely known as identifying HealthNow's services.  *Id.*

---

[1] On a motion for default judgment, the factual allegations in the complaint are accepted as true.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

[2] On June 16, 2007, the Patent and Trademark office accepted the incontestability of the validity of the mark under 15 U.S.C. §§ 1058, 1065.  *Id.*  Thus the '947 Registration is conclusive evidence of HealthNow's ownership of the mark under 15 U.S.C. § 1115(b).

The defendants also provide health care goods and services to consumers, including within New York State.  *Id.* at 6.  Beginning sometime after HealthNow acquired protectable exclusive rights in the HealthNow Marks, the defendants began using a mark that is virtually identical to the HealthNow Marks without HealthNow's authorization.  *Id.*  The HealthNow Marks and the infringing mark include the identical phrase "HEALTHNOW."  *Id.*  The defendants also operate a website under the domain name http://healthnow.co, which uses the same two words in the same order and combination as HealthNow's website.  *Id.*  In fact, only three letters separate the two internet addresses.

The defendants' services are closely related to those offered by HealthNow, and the infringing mark is likely to cause confusion between the services offered by the defendants and those offered by HealthNow.  *Id.* at 7.  In fact, this confusion may already have occurred.  When the defendants caused a data breach—resulting in the records of nearly one million patients being publicly exposed—many news outlets reported the incident without drawing any distinction between HealthNow and the defendants.  *Id.* at 7-8.  For that reason and others, the defendants' infringing marks and acts already have caused and are likely to cause damage to HealthNow and its reputation.  *Id.* at 7.  Indeed, an article discussing the defendants' breach in databreaches.net noted that "it wouldn't be surprising if some patients hearing the name 'HealthNow' may have erroneously assumed some connection to the respected health insurance plan" HealthNow.  Docket Item 1-1 at 14.

HealthNow therefore brought this suit seeking declaratory relief that the defendants are illegally infringing its trademark, injunctions preventing further infringement, treble damages, attorney's fees, and costs.

## DISCUSSION

## I.    DEFAULT JUDGMENT

To obtain default judgment, a party must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case.  Fed. R. Civ. P. 55(a).  The clerk's entry of default does not mean that a default judgment is warranted automatically.  *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).  But it does mean that the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

"[T]he court may, on [the] plaintiff['s] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187.  As to injunctive relief, "[a] court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisites for the issuance of an injunction." *Commscope, Inc. of North Carolina v. Commscope (U.S.A.) Intern. Group Co., Ltd.*, 809 F. Supp. 2d 33 (N.D.N.Y. 2011) (quoting *Pitbull Prods., Inc. v. Univ. Netmedia, Inc.*, 2007 WL 3287368, at *5 (S.D.N.Y. Nov 7, 2007).  To satisfy the second condition, a party seeking an injunction

must demonstrate "irreparable harm and the absence of an adequate remedy at law." *Id.* (quoting *Kingvision Pay-Per-View Ltd. v. Laleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006). As to damages, the court should take steps, including by hearing or referral when necessary, to establish their proper amount with reasonable certainty. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## II.    LIABILITY

### A.    Federal Trademark Infringement and Unfair Competition Claims

HealthNow asserts that the defendants' use of an infringing mark constitutes trademark infringement under 15 U.S.C. § 1114 and is likely to cause consumer confusion, mistake, or deception. Docket Item 1 at 9. HealthNow further alleges that the defendants have engaged in unfair competition under 15 U.S.C. § 1125(a). *Id.* at 9. To succeed on these claims, the plaintiff "must show that it has a valid mark that is entitled to protection under the Lanham Act and that [the defendants'] actions are likely to cause confusion with [the plaintiff's] mark." *The Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996); *see also Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129 (2d Cir. 2004) (analyzing plaintiff's claims of imitation of registered mark, 15 U.S.C. § 1114, and false designation of origin, *id.* § 1125(a), under the same legal standard).

HealthNow has alleged facts that satisfy both prongs under the Lanham Act. First, HealthNow has shown that the HealthNow Marks are "protectable trademark[s]," that it has used and registered them, and that it has developed substantial goodwill around them. Docket Item 1 at 6. HealthNow registered and owns the HealthNow

Marks.  It has invested "considerable time, money, and resources" marketing services under the marks.  *Id.*  And the marks are "widely known as identifying HealthNow."  *Id.*  All these facts establish that the marks are valid and entitled to protection.  *See The Sports Authority, Inc.*, 89 F.3d at 960.

HealthNow also has shown the likelihood of confusion.[3]  The defendants are "using the Infringing Mark in connection with the sale, offering for sale, distribution, and/or advertising of their goods and services," which is "likely to cause consumer confusion."  Docket Item 1 at 8-9.  That confusion is especially likely because the defendants are "providing health care goods and services" in competitive proximity to the services offered by HealthNow.  *Id.* at 6.  The defendants use a mark that displays the same phrase in capital letters, and the domain name for the defendants' website "contains the same two words in the same order and combination" as the HealthNow website.  *Id.*  HealthNow alleges that the defendants adopted their mark with actual knowledge of the HealthNow Marks.  *Id.* at 8.  The defendants' brand may also be inferior after the data breach, and the confusion will inure to the plaintiff's detriment.  For all these reasons, the plaintiff has plausibly suggested a likelihood of confusion between the parties' business names, domain names, and marks.  *See Polaroid Corp.*, 287 F.2d

---

[3] To determine whether a mark is likely to cause confusion among consumers, courts generally rely upon the eight-factor balancing test enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).  These factors include (1) the strength of the plaintiff's mark; (2) the degree of similarity between the two marks; (3) the competitive proximity of the products or services; (4) the existence of actual confusion; (5) the likelihood that the plaintiff will 'bridge the gap' between the two markets; (6) the defendant's good faith in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the purchasers.  *Id.*  The first four factors clearly weigh in favor of the plaintiff's claim here, and the others may well do so, too.

at 495.  Taking the undisputed facts in the plaintiff's complaint as true suffices to establish the defendants' liability under the Lanham Act.

### B.    Common Law Trademark Infringement and Unfair Competition

HealthNow also claims that the defendants have violated the New York common law on trademark infringement and unfair competition.  *Id.* at 10-11.  There is little difference between these claims and those brought under the Lanham Act.  "Courts employ substantially similar standards when analyzing claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114(1)(a); false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under New York common law; and unfair competition under New York common law."  *Mitsubishi Motors North America Inc. v. Grand Automotive, Inc.*, 2018 WL 2012875, at *9 n.9 (E.D.N.Y. April 30, 2018); *see also Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims.").  Because HealthNow has alleged facts sufficient to establish the defendants' liability under the Lanham Act, and because the standards under New York common law mirror those under the Lanham Act, the plaintiff has sufficiently alleged facts to establish the defendants' liability under New York common law for trademark infringement and unfair competition.

### C.    Trademark Dilution under NY General Business Law § 360-*l*

HealthNow also asserts a claim under Section 360-l of New York's General Business Law, which entitles a plaintiff to injunctive relief when there is a "[l]ikelihood

. . . of dilution of the distinctive quality of a mark or trade name . . . notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen. Bus. Law § 360-l. To prevail on a claim under that section, "a plaintiff must prove that (1) its mark possesses a distinctive quality capable of dilution, and (2) there is a likelihood of such dilution." *CommScope, Inc.*, 809 F. Supp. 2d 33 at 39 (quotations omitted). "Distinctiveness, in this context, is measured by the 'strength of a mark for infringement purposes.'" *Lyons P'Ship, L.P. v. D& L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 116 (E.D.N.Y. 2010) (quoting *Johnson & Johnson Consumer Cos., Inc. v.* Aini, 540 F. Supp. 2d 374, 394 (E.D.N.Y. 2008). And dilution is "either the blurring of a mark's product identification or the tarnishment of the affirmative associations a mark has come to convey." *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 42-43 (2d Cir. 1994).

The plaintiff has alleged ownership of the HealthNow Marks for the trademark "HEALTHNOW" in international classes 36 and 42.[4] Docket Item 1 at 4. The plaintiff further alleges that the defendants use the identical phrase "HEALTHNOW" in connection with goods and services, that they operate a website with a domain name that uses those same words, and that their data breach may have been erroneously attributed to HealthNow. Docket Item 1 at 6-7.

These allegations plausibly suggest that the defendants' website and use of the infringing mark to market its services has diluted the plaintiff's business name and reputation. *See CommScope, Inc.*, 809 F. Supp. 2d at 39 (finding that plaintiffs established liability in motion for default judgment when defendants used the word

---

[4] The '758 Registration and '759 Registration also includes international class 35.

"Commscope" in its corporate name and licensed it to third parties, which was likely to injure the business name and reputation of plaintiff's mark, "CommScope.").  The plaintiff has shown dilution for the same reasons noted above: the defendants' mark uses the same two words as the plaintiff's; the parties' websites differ by only three letters; and the parties engage in the same type of business.  Accordingly, the defendants are liable for injury to business reputation and dilution under § 360-l of New York General Business Law.

For all those reasons, pursuant to Fed. R. Civ. P. 55(b), the Court GRANTS the plaintiff's motion for the issuance of a default judgment on the issue of liability with regard to all five above-referenced claims.

## III.    REQUESTED RELIEF

The plaintiff seeks legal and equitable relief.  HealthNow asks that the defendants be permanently enjoined from any further acts of trademark infringement.  Docket Item 1 at 14.  It asks that the defendants be required to file a report detailing the manner in which they have complied with the Court's injunction; to destroy all infringing materials; and to transfer the http://healthnow.co domain name to HealthNow.  *Id.*  Finally, it seeks an award of damages sustained as a result of defendants' infringement; trebled damages with prejudgment interest; disgorgement of all profits received by the defendants from sales and revenues of any kind made as a result of their infringing actions, again trebled; and its attorneys' fees and costs.  *Id.*

### 1.    Injunctive Relief

"A Court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable

statute, and (2) it meets the prerequisites for the issuance of an injunction."

*CommScope, Inc.*, 809 F. Supp. 2d at 41 (quoting *Pitbull Prods., Inc. v. Univ. Netmedia, Inc.*, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007)).

The Lanham Act entitles HealthNow to each form of injunctive relief that it requests. The act vests courts with the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark." 15 U.S. C. § 1116(a). A court therefore has the power to enjoin defendants from engaging in further acts of trademark infringement and unfair competition and to direct the destruction of all infringing materials. *See, e.g.*, *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010) (directing the defendants to "destroy or to surrender to Plaintiff any and all materials . . . wherein . . . Rolls-Royce Marks may appear."). Moreover, the act explicitly provides that "[a]ny such injunction may include a provision directing the defendant to file . . . a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction." *Id.* Finally, while "[d]istrict courts are expressly authorized [by 15 U.S.C. § 11259d)(1)(C)] to order the transfer or surrender of domain names in an *in rem* action against a domain name . . . courts have not limited the remedy to that context." *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fl. 2016). So the statute also entitles HealthNow to transfer of the domain name [www.healthnow.co](http://www.healthnow.co). *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853 (E.D. Mich. 2006) (ordering defendants to transfer registration of a particular domain under authority of 15 U.S.C. § 1116(a)); *Phillip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 230 n.2 (S.D.N.Y. 2004) ("15 U.S.C. § 1125

neither states nor implies that an *in rem* action against the domain name constitutes the exclusive remedy for a plaintiff aggrieved by trademark violations in cyberspace.").

But before HealthNow can actually obtain such relief, it must meet the prerequisites for an injunction: irreparable harm and the absence of an adequate remedy at law. *See Kingvision Pay-Per-View Ltd.*, 429 F. Supp. 2d at 516. "In trademark disputes, a showing of likelihood of confusion establishes . . . irreparable harm." *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) (internal quotation marks omitted). Accepting HealthNow's allegations as true—particularly as they relate to the likelihood of confusion and that consumers will misattribute fault for the defendants' data breach to HealthNow—the Court finds that the plaintiff "has alleged likelihood of confusion and thus also established irreparable injury." *Commscope, Inc.*, 809 F. Supp. 2d at 41 (citing *Pitbull Prods., Inc.*, 2007 WL 3287368, at *6).

The final inquiry is whether HealthNow has an adequate remedy at law. "[I]n cases where confusion about the origin of goods or services leads to damage to reputation or loss of a potential relationship with a client that 'would produce an indeterminate amount of business in years to come[,]' monetary damages are difficult to establish and are unlikely to present an adequate remedy at law." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 296 (E.D.N.Y. 2009) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004). Furthermore, there is no adequate remedy at law when the defendants' infringing conduct is likely to continue without an injunction. *See Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1262 (S.D. Fla. 2016) ("Plaintiff has no adequate remedy at law so long as Defendants

continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its products in the marketplace."); *Commscope, Inc.*, 809 F. Supp. 2d at 41-42 (finding no adequate remedy at law where the defendant would continue to use a name that was confusingly similar to a protected trademark absent an injunction). And that may be especially so when the internet is involved: the "[p]laintiff has no adequate remedy at law so long as Defendants continue to operate the Subject Domain Names." *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016).

HealthNow has alleged that the defendants' acts "are causing and will continue to cause damage to plaintiff HealthNow and to its valuable reputation and goodwill with the consuming public for which plaintiff HealthNow has no adequate remedy at law." Docket Item 16-2 at 3. The defendants have not appeared, nor have they indicated any intent to cease using the infringing marks or names. Accepting the complaint's allegations as true, this Court finds that HealthNow has no adequate remedy at law.

Because HealthNow has shown irreparable harm and the absence of any adequate remedy at law, it meets the prerequisites for a permanent injunction.

## 2. Damages

HealthNow also seeks a monetary award for "damages it sustained as a result of Defendants' acts of infringement and unfair competition,"—trebled—along with prejudgment interest pursuant to 15 U.S.C. § 1117.[5] Docket Item 1 at 14. In addition,

_____

[5] The plaintiff requests lost profits in the complaint, but in its proposed order filed with its motion for a default judgment, it asks the Court only to order the defendants to account for their profits. The Court therefore grants that requested relief as part of its referral to the magistrate judge and will revisit the request for trebled lost profits at the appropriate time.

HealthNow asks for disgorgement of "all profits received by Defendants . . . as a result of their infringing actions," also trebled. Docket Item 1 at 15.

15 U.S.C. § 1117 entitles a plaintiff who has established "a violation of any right of the registrant of a mark . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." In the Second Circuit, "a finding of defendant's willful deceptiveness is a prerequisite for awarding profits" under the Lanham Act. *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992); *see also Pedinol Pharmacal, Inc. v. Rising Pharm., Inc.*, 570 F. Supp. 2d 498, 502 (E.D.N.Y. 2008) (discussing "[t]he continuing viability of the wilfulness requirement set forth in *Basch*"). But "many courts in [the Second Circuit] treat a default as evidence of willfulness." *Sream, Inc. v. Khan Gift Shop, Inc.*, 2016 WL 1130610, at *5 (S.D.N.Y. Feb. 23, 2016) (quoting *Rolls-Royce PLC*, 688 F. Supp. 2d at 157. This Court does that here.[6]

---

[6] Courts finding that default establishes willfulness have done so when the complaint alleges the defendants' willfulness with more clarity than the complaint does here. *See, e.g.*, Complaint at 6, *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 157 (E.D.N.Y. 2010) (No. 09-1381) ("Defendant adopted Plaintiffs' Rolls-Royce Marks in its corporate and business title and trade marks *for the purpose of deceiving, misleading and confusing* the public . . . .") (emphasis added). HealthNow does not mention willfulness in the complaint and does not explicitly allege that the defendants acted with bad faith, intent, or misconduct. Docket Item 1 at 12.

Nonetheless, HealthNow alleges the defendants acted with knowledge when infringing the plaintiff's marks, and that, together with the defendants' default, satisfies this Court that HealthNow has sufficiently alleged willfulness. More specifically, the complaint alleges that the defendants "engaged in infringing activity despite having constructive notice of HealthNow's federal registrations [and] despite having actual knowledge of [the HealthNow Marks]," Docket Item 1 at 8, and the Court accepts those allegations as true in light of the defendants' default; *see Finkel*, 577 F.3d at 84. Actual knowledge of infringement may suffice to show willfulness. See *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 288 (2d Cir. 1999) ("The standard for willfulness is 'whether the defendant had knowledge that [his] conduct represented infringement or perhaps recklessly disregarded the possibility.'") (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l*

Before granting a default judgment for a specific amount of damages, the court should take steps, including by hearing or referral if necessary, to find the appropriate amount to award with reasonable certainty. In fact, 15 U.S.C. § 1117 provides that "[t]he court shall assess such profits and damages or cause the same to be assessed under its direction." *See Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111. "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012).

This Court has no information upon which to base an award of damages and therefore cannot determine the damage award to include in a judgment. The Court therefore refers the case to United States Magistrate Judge Hugh B. Scott to issue a report and recommendation to this Court on the amount of damages, and HealthNow is invited to present proof to Judge Scott on the damage that it has suffered. In that regard, the defendants are ordered to account for all profits derived from actions infringing the HealthNow Marks and to render an accounting before Judge Scott.

### 3.    Attorney's Fees and Costs

HealthNow also seeks an award of attorney's fees and costs. Docket Item 1 at 15. 15 U.S.C. § 1117 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." These exceptional cases exist only when there is "evidence of fraud or bad faith." *Gordon & Breach Sci. Publishers S.A. v.*

---

*Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993)); see also *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1115 (2d Cir. 1986) ("willfully means with knowledge") (quotations omitted). Therefore, HealthNow has alleged enough to meet the willfulness standard and seek damages.

*Am. Inst. of Physics*, 166 F.3d 438, 439 (2d Cir. 1999) (quoting *Twin Peaks Prods., Inc.*, 996 F.2d at 1383. When the plaintiff pleads the necessary facts for willful infringement and the defendants default, the "defendant's violations are deemed willful and thus constitute exceptional circumstances." *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 208 (E.D.N.Y. 2008) (awarding attorney's fees to trademark plaintiff). Therefore, HealthNow has shown that it may well be entitled to an award of attorney's fees and costs.

"In the Second Circuit, applications for attorney's fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done." *Prot. One Alarm Monitoring, Inc*, 553 F. Supp. 2d at 208 n.1 (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983)). But here HealthNow has submitted no such records to support an award of attorney's fees. So the Court invites plaintiff's counsel to submit an application for costs and attorney's fees to Judge Scott for inclusion in his report and recommendation, explaining why this case is exceptional and including records supporting its application.

## CONCLUSION

In light of the above, it is hereby

ORDERED that that the defendants, Dino Romano, individually and doing business as HealthNow Network and Health Now Wellness Management, and their officers, agents, servants, employees, attorneys, parents, successors, assigns, affiliates, and all others acting in concert or participating with them be and hereby are permanently enjoined and restrained from further acts infringing upon plaintiff HealthNow's United States Trademark Registrations Nos. 2,457,947; 4,531,758; and

4,531,759 by using names or marks confusingly similar thereto or otherwise infringing upon the HealthNow Marks; and it is further

ORDERED that the defendants must file with Judge Scott and serve upon HealthNow, within thirty (30) days after the entry of this injunction, a report, in writing and under oath, setting forth in detail the manner and form in which they have complied with the terms of the Court's injunction; and it is further

ORDERED that the defendants shall deliver for destruction all products, and all promotional and/or advertising materials of any kind, bearing the infringing marks and any other marks that are confusingly similar to or otherwise violate the HealthNow Marks; and it is further

ORDERED that the defendants shall transfer the www.healthnow.co domain name, and any other confusingly similar domain names, to plaintiff HealthNow; and it is further

ORDERED that the defendants shall render an accounting, pursuant to 15 U.S.C. § 1117, of all profits derived from sales of any kind made as a result of their infringing actions; and it is further

ORDERED that HealthNow shall prove any damages, attorney's fees, and costs claimed in connection with this matter before Judge Scott.

SO ORDERED.

Dated:     October 10, 2018
           Buffalo, New York


                        _s/ Lawrence J. Vilardo_
                        LAWRENCE J. VILARDO
                        UNITED STATES DISTRICT JUDGE

16