UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HEALTHNOW NEW YORK, INC.,

                Plaintiff,

                                      **Hon. Hugh B. Scott**

                                      **17CV310V**

       v.                               **Report**
                                      **&**
                                   **Recommendation**

DINO ROMANO, individually and doing
business as HEALTH NOW NETWORKS,
LLC and HEALTH NOW WELLNESS
MANAGEMENT, INC.,

                Defendants.
_____

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 18).  The instant matter before the Court is plaintiff's application (Docket No. 20; see Docket No. 17) to recover its attorney's fees and costs from defaulting defendants.  After referral (Docket No. 18), this Court ordered plaintiff to submit its application (including proof of damages, lost profits, and attorney's fees and rates charged by counsel) by November 13, 2018, with any responses from the defaulting defendants due November 20, 2018 (Docket No. 19). Defendants were served with the application (see Docket No. 20, Pl. Atty. Decl. ¶¶ 3-4).

1

**BACKGROUND**

This is a trademark infringement action[1] (Docket No. 1, Compl.), alleging that defendants infringed upon plaintiff's trademark for "HealthNow" (see Docket No. 17, Order of Oct. 10, 2018, at 2-4). Defendants failed to appear and their time to do so expired (see id. at 1). Plaintiff sought entry of default by the Clerk of Court (Docket No. 13), which was granted (Docket No. 14). Plaintiff then moved for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2) (Docket No. 16). On October 10, 2018, Judge Lawrence Vilardo granted plaintiff a default judgment against defendants (Docket No. 17). In addition to restraining defendants from infringing upon plaintiff's trademark, filing a report with this Court of their performance, and rendering an accounting of profits (which defendants have not done, see also Docket No. 20, Pl. Atty. Decl. ¶ 4), Judge Vilardo ordered plaintiff to "prove any damages, attorney's fees, and costs claimed in connection with this matter" (Docket No. 17, Order at 15, 16).

After discussing plaintiff's attempts to serve the October 10 Order upon the defaulting defendants and defendants' failure to appear (Docket No. 20, Pl. Atty. Decl. ¶ 3, Exs. A-C), plaintiff states that it cannot quantify its damages due to the infringement (id. ¶ 5). Plaintiff can quantify its attorney's fees and costs, which total $16,114.00, with $1,002.00 in costs and the rest as attorney's fees (id. ¶ 6, Ex. D). As for the attorney's fees, plaintiff claims the following, at the rate of the attorneys:

---

[1] Violation of Lanham Act § 32, 15 U.S.C. § 1114; unfair competition under the Lanham Act § 43, 15 U.S.C. § 1125; trademark infringement under New York common law; unfair competition also under New York common law; and trademark dilution under New York General Business Law § 360-l, Docket No. 1, Compl. § 1; see Docket No. 17, Order of Oct. 10, 2018, at 1.

2

| Attorney's or Legal Professional's Name | Billing Rate | Experience |
|---|---|---|
| Mitchell Banas | $360 per hour (until Sept. 30, 2017), then $380 per hour | Over 30 years |
| Jeremy Oczek | $400 per hour (until Sept. 30, 2017), then $415 per hour | Over 17 years |
| Bradley Hoppe | $275 per hour | Over 10 years |
| Alyssa Jones | $170 per hour | Admitted February 2018 |
| Melissa Lindsay | $180 per hour | Over 14 years paralegal |
| Rasha Kolla | $110 per hour | Summer clerk, law student |

(Id. ¶ 7, Exs. E-H.) Plaintiff contends that the rates charged are consistent with rates by other Buffalo, New York, law firms for their attorneys with similar experience (id. ¶ 8).

From plaintiff's invoices from its attorney (id., Ex. D),

| Date | Attorney's Fee Billed ($) | Costs Billed ($) |
|---|---|---|
| May 23, 2017 | $3,706.00 | $912.00 |
| June 27, 2017 | $1,619.00 | $17.50 |
| July 20, 2017 | $2,149.00 | $0 |
| Aug. 17, 2017 | $648.00 | $0 |
| Oct. 17, 2017 | $2,326.00 | $0 |
| Nov. 17, 2017 | $155.50 | $0 |
| Dec. 11, 2017 | $114.00 | $0 |
| July 25, 2018 | $76.00 | $0 |
| Sept. 21, 2018 | $76.00 | $0 |
| Oct. 23, 2018 | $76.00 | $0 |
| Nov. 6, 2018 | $4,666.50 | $72.50 |
| **TOTAL** | $15,612.00 | $1,002.00 |

**DISCUSSION**

I.  Applicable Standards

Damages for trademark infringement and unfair competition are trebled by statute, 15 U.S.C. § 1117 (Docket No. 17, Order at 12; Docket No. 1, Compl. at 14).  A plaintiff who establishes a violation of rights in a mark may recover the defendants' profits, damages sustained by plaintiff, and costs of the action, id. (Docket No. 17, Order at 13).  Judge Vilardo noted that there was no information as to the damages plaintiff incurred due to defendants' infringement, thus, this case was referred for this Court to receive plaintiff's proof of its damages (id. at 14).

In an exceptional case, a trademark plaintiff also can receive its reasonable attorney's fees as prevailing party, see id. (Docket No. 17, Order at 14); Protection One Alarm Monitoring, Inc v. Executive Prot. One Sec. Serv., 553 F. Supp. 2d 201, 207 (E.D.N.Y.) (Levy, Mag. J.) (Report & Recommendation), adopted, 553 F. Supp. 2d 201 (E.D.N.Y. 2008).  Exceptional circumstances exist only where there is "evidence of fraud or bad faith," Gordon & Breach Sci. Publishers S.A. v. American Inst. of Physics, 166 F.3d 438, 439 (2d Cir. 1999) (per curiam).  Defendants' default on a trademark infringement action deems the infringement to be willful and exceptional circumstances to recover attorney's fees, Protection One Alarm Monitoring, supra, 553 F. Supp. 2d at 208 (id.).  Even with a finding of bad faith, the decision to award attorney's fees is subject to the sound discretion of the Court, id. at 209.  Judge Vilardo concluded that plaintiff is entitled to an award of attorney's fees and costs (id.).  The application to recover these fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done, id. at 209 n.1 (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983)) (id.).

In calculating a "reasonable" fee, the Court first determines the reasonable hourly rate, Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007), based upon the legal fees charged in the community in which the action is pending and to the skills and experience of the attorneys and legal professions who worked on the matter, Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209; Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). The burden of establishing the reasonableness of the hours is on the party seeking to recover the fees, Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994); Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209.

A prevailing party also may be awarded their costs, including filing fees, 28 U.S.C. § 1920, and out-of-pocket litigation costs, Tri-Star Pictures, Inc. v. Unger, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999); Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 210.

II.     Application

    A.     Plaintiff's Damages

Given defendants' default (both in appearing generally and in providing an accounting of their profits), plaintiff conclude that it cannot claim its damages at this time (Docket No. 20, Pl. Atty. Decl. ¶ 5). Therefore, there can be **no finding as to the amount of plaintiff's damages at this time**.

    B.     Plaintiff's Attorneys Fees

Plaintiff has submitted contemporaneous time records specifying dates and times of services rendered and the services rendered (Docket No. 20, Pl. Atty. Decl. Ex. D). Plaintiff also stated the experience of the attorneys and legal professionals who billed on this matter (id. ¶ 7,

Exs. E-H). Plaintiff met its burden as the applicant to recover its fees by submitting these records and stating the experience of the legal professional, cf. Prot. One Alarm Monitoring, supra, 553 F. Supp. 2d at 209. The rates billed for the attorneys, paralegal, and law clerk who represented plaintiff in this matter are consistent with the Buffalo market, see id. (granting one set of attorneys full billing when that firm presented evidence of experience while reducing another firm when not presenting that firm's experience). From calculation of plaintiff's invoices, the total of the attorneys' fees is $15,612.00, or $500 more than what plaintiff claims in this application (cf. Docket No. 20, Pl. Atty. Decl. ¶ 6). While the November 8, 2018, invoice has not been paid by the plaintiff (id.), plaintiff is entitled to recover this amount. Plaintiff's application (id.) to recover its attorney's fee should be **granted** for a total of **$15,612.00**.

    C.    Plaintiff's Costs

Finally, plaintiff claims $1,002.00 in costs (Docket No. 20, Pl. Atty. Decl. ¶ 6). Plaintiff invoiced costs for attempts at serving defendants with the Complaint and the October 10 Order and filing fee (id., Ex. D). Given that defendants are allegedly based in Florida (Docket No. 1, Compl. ¶¶ 3-5), the cost plaintiff incurred in attempts at serving them is justified. Plaintiff paid the filing fee pursuant to this Court's fee schedule, W.D.N.Y. Loc. Civ. R. 5.1(b) (filing fee pursuant to District Court Schedule of Fees, published at www.nywd.uscourts.gov. From this Court's calculation, plaintiff correctly claims the total costs. Therefore, plaintiff **should recover in full the costs invoiced of $1,002.00**.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's application to recover attorney's fees and costs (Docket No. 20) be **granted in full, with plaintiff entitled to recover $16,614.00 from defaulting defendants, $1,002.00 in costs and $15,612.00 in attorney's fees**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 28, 2018